UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN ANTHONY CASTRO
8 Park Place
Mansfield, Texas 76063

     Plaintiff,

     v.

INTERNAL REVENUE SERVICE
1111 Constitution Ave NW
Washington, DC 20224-0002

     Defendant.

Case No. 20-1843

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff John Anthony Castro (hereinafter, "Plaintiff" or "Castro") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Internal Revenue Service (hereinafter, "IRS") in failing to provide Plaintiff with all non-exempt records responsive to his two FOIA requests described below.

2. Plaintiff is an enrolled agent, license number #00110411. His license as an enrolled agent was impermissibly cancelled and later reinstated by the IRS. He filed two FOIA requests to learn more about the records that the IRS has on the activities in connection with this matter.

3. Both FOIA requests were first mailed, then later, faxed, to the IRS office in Atlanta, Georgia at the request of the IRS. Plaintiff's two FOIA requests are attached to and made part of this Complaint as Exhibit A and Exhibit B.

1

4. The first request, referred to as "All Emails" (Exhibit A) was mailed on March 27, 2020 and tracked by the USPS as delivered on March 30, 2020 to the IRS Post Office Box at Atlanta, GA 30362. The same request was then faxed with confirmation to the IRS on May 5, 2020 at fax number 1-877-891-6035 as requested.

5. In his first request "All Emails," (Exhibit A) Plaintiff, pursuant to FOIA, requested a copy of the following records:

a. All emails sent or received by Tony Woods concerning John Anthony Castro from January 2019 through February 2020;

b. All email in the possession of the IRS, regarding John Anthony Castro from January 1, 2019 through February 28, 2020; and

c. All email in the possession of the IRS regarding Enrolled Agent License #00110411 from January 1, 2019 through February 28, 2020.

6. The second request, referred to as "All Records" (Exhibit B), was mailed on April 25, 2020 and tracked by the USPS as delivered on April 27, 2020 to the IRS Post Office Box at Atlanta, GA 30362. The same request was then faxed with confirmation to the IRS on May 5, 2020 at fax number 1-877-891-6035 as requested.

7. In the second request, "All Records" (Exhibit B), pursuant to FOIA, Plaintiff requested a copy of the following records:

a. all records, excluding emails, sent or received by Tony Woods concerning John Anthony Castro from January 2019 to February 2020;

b. all records, excluding emails, including text, fax, notes in the possession of the IRS mentioning either John Anthony Castro or Enrolled Agent License #00110411;

c. all records, excluding emails, but consisting of a log or electronic records of

2

incoming and outgoing phone calls for the office telephone number of Tony Woods, IRS employee;

d. all records, excluding emails, but including all other forms of records including text messages or internal messaging specifically mentioning the names John Anthony Castro and Tony Woods, and;

e. all records, excluding emails, but including all other forms of records including memoranda, text messages or internal messaging specifically mentioning the name Tony Woods and EA License #0110411.

8. In a final response letter dated May 6, 2020, the IRS requested that within 35 days the records be described, "in enough detail to help us locate them. This may include title of employee, identifier of employee, specific times and dates." Because both FOIA requests were also faxed to the IRS on May 5th, it is unclear if the IRS meant to cover both requests with this one final response letter. The two requests were given, what appears to be one case number, that of case #20127-0001.This final response letter from the IRS is attached to this complaint as Exhibit C (Exhibits relating to the two FOIA requests referred to in this letter have been omitted due to redundancy).

9. In the final response letter from Mr. Hatcher of the IRS, Plaintiff, through counsel, was encouraged to contact Mrs. Pettis of the IRS. The May 22, 2020 letter to Mrs. Pettis, whose IRS ID number is 571573, is attached as Exhibit D (Exhibits relating to the two FOIA requests referred to in this letter have been omitted due to redundancy).

10. On June 2, 2020, Plaintiff, through counsel, responded by mailed letter to Mr. Hatcher of the IRS as requested in the IRS final response letter. Plaintiff's response letter is attached as Exhibit E (Exhibits relating to the two FOIA requests referred to in this letter have

3

been omitted due to redundancy).

11. The shipping label (USPS tracking #9405503699300400966189) for the Plaintiff's response letter is dated for June 2, 2020 and is attached as Exhibit F. The USPS tracking history showing the package was received by the IRS on June 5, 2020 is attached as Exhibit G.

## II. JURISDICTION

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (Federal question).

## III. VENUE

13. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

14. Plaintiff resides in the state of Texas. He is the Plaintiff in this action to enforce the provisions of FOIA.

15. Defendant is the IRS. The IRS is a Federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

16. FOIA requires, inter alia, that all Federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

17. FOIA requires Federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of

4

"unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § (a)(6)(A)(I)

18. FOIA also requires Federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

19. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

20. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

21. Under FOIA, the Federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B)

22. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E). Plaintiff has retained counsel to represent him in this action.

## VI. FACTUAL ALLEGATIONS

23. Plaintiff realleges and fully incorporates paragraphs 1–11 as previously set forth herein.

5

24. On March 27 and April 27, 2020, respectively, Plaintiff, through counsel, sent two FOIA requests to the IRS, seeking records under FOIA. Exhibit A and Exhibit B are the full requests and, together, these are attached and made part of this Complaint.

25. Defendant acknowledged receipt of both requests on May 6, 2020.

26. On May 6, 2020, Defendant, having assigned case number 20127-0001 to both requests, sent a "final response" to Plaintiff, through counsel. The "final response" released none of Plaintiff's records and asked for more detail about the records sought by the Plaintiff. The "final response" informed Plaintiff that if Defendant did not receive the requested information his case would be closed within 35 days. Exhibit C is the full "final response" and is attached and made part of this Complaint.

27. In the final response letter from Mr. Hatcher of the IRS, Plaintiff, through counsel, was encouraged to contact Mrs. Pettis of the IRS. The May 22, 2020 letter to Mrs. Pettis, ID #571573, is attached as Exhibit D.

28. On June 2, 2020, Plaintiff, through counsel, responded by mailed letter to Mr. Hatcher of the IRS as requested in the IRS "final response" letter. Plaintiff's response letter is attached as Exhibit E. The shipping label (USPS tracking #940550369930400966189) for the Plaintiff's response letter is dated for June 2, 2020 and is attached as Exhibit F. The USPS tracking history showing the package was picked up by the IRS on June 5, 2020 is attached as Exhibit G.

29. As of the date of the filing of this judicial review, Defendant has not conducted an adequate search nor has Defendant completed release of records responsive to Plaintiff's requests.

6

30. Plaintiff has retained counsel, including attorneys, law clerks, legal assistants, and paralegals, to represent him in this judicial review.

31. More than twenty working days have passed since the IRS received letters from Plaintiff and the IRS has not responded.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff John Anthony Castro, providing the following relief:

1. Declare Defendant Internal Revenue Service has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to Plaintiff's requests.

2. Declare Defendant Internal Revenue Service has violated FOIA by failing to complete an adequate search for records responsive to the Plaintiff's request.

3. Direct by injunction that Defendant, Internal Revenue service, perform an adequate search for records responsive to Plaintiff's request, and provide Plaintiff with all non-exempt responsive records to Plaintiff's request.

4. Grant Plaintiff John Anthony Castro costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED this 8th day of July 2020.

Respectfully submitted,

/s/  C. Peter Sorenson

C. Peter Sorenson
DC Bar No. 438089

7

SORENSON LAW OFFICE
PO Box 10836
Eugene, Oregon 97440
541-606-9173
petesorenson@gmail.com

**Attorney for Plaintiff**

Exhibit A



Sorenson Law Office
FOIA LAW

March 27, 2020

Freedom of Information Act Officer
Internal Revenue Service
Central Processing Unit
Stop 93A
Post Office Box 621506
Atlanta, GA 30362

re: Freedom of Information Act Request of John Anthony Castro

SENT CERTIFIED MAIL RETURN RECEIPT REQUESTED

Dear Internal Revenue Service Freedom of Information Act Officer,

I am writing on behalf of my client, John Anthony Castro. He is Managing Partner of Castro & Co. His
business address is 1701 Pennsylvania Avenue NW, Second Floor; Washington, DC 20006. His business
telephone number is 202-594-4344 and his business email is J.Castro@CastroAndCo.com.

Mr. Castro has signed a Declaration authorizing me to make this request on his behalf. It is attached to
this request. In addition, a copy of his Enrolled Agent certificate, a copy of Mr. Castro's State of Texas
identification, and passport are attached to his Declaration.

I. Request

Mr. Castro requests, pursuant to the Freedom of Information Act (hereafter FOIA), a copy of the
following emails:

a. All emails sent or received by Tony Woods concerning John Anthony Castro from January 2019
through February 2020;
b. All email in the possession of the IRS, regarding John Anthony Castro from January 1, 2019 through
February 28, 2020; and
c. All email in the possession of the IRS regarding Enrolled Agent License #00110411 from January 1,
2019 through February 28, 2020.

II. Information Helpful to the IRS in fulfilling this Request

Mr. John Anthony Castro is an enrolled agent, license number #00110411. His license as an enrolled agent was impermissibly cancelled and later reinstated by the IRS and he is filing this FOIA request to learn more about the email that the IRS has on the activities of the IRS in connection with this matter.

III. Time Frame of this Request

The time frame for records sought by this FOIA request is for all records responsive to this request created or received between January 1, 2019 and February 28, 2020.

IV. How Responsive Records Should Be Provided

My client requests copies of the responsive records for this FOIA request be provided in a digital format, either via email, or stored on a thumb drive, CD, or other electronic data storage device. See 5 U.S.C. §552 (a)(3)B). Providing these records in an electronic format will save agency staff processing time, as well as reducing the cost of making paper copies of all responsive records.

V. Costs

This is a request for business records. My client is prepared to pay for the cost of processing this request. If the records are provided within 20 days of this request, my client agrees to pay costs of up to $25.00. If there are any fees, please contact me in advance so that I can confer with my client prior to agreeing to pay for costs. Client reserves the right to narrow its request to lower the costs of the fees.

VI. Policy and Legal Direction for Open Government

Disclosure of the above referenced agency records are also sought in order to promote government transparency, and to reflect the Administration's policy to support our nation's fundamental commitment to open government.

As the Supreme Court has observed, "virtually every document generated by an agency is available in one form or another, unless it falls within one of the Act's nine exemptions." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). FOIA was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," see, e.g., Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976), and in order to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978); see also Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).

2

The above described agency records are subject to disclosure under FOIA, and are not otherwise exempt from disclosure pursuant to FOIA's nine statutory exemptions. See 5 U.S.C. § 552(b)(1) - (9). To the extent that a determination is made by your FOIA office staff that any limited portions of the records listed above will be withheld from disclosure for this request, FOIA expressly requires all agencies to disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b). See, e.g., Oglesby v. U.S. Dept. of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); see also Abdelfattah v. U.S. Dept. Of Homeland Security, 488 F.3d 178, 186-187 (3rd Cir).

The 2007 Openness Promotes Effectiveness in our National Government Act amendments to FOIA (the "OPEN Government Act") requires identification of the amount of any material withheld, the location of any withholdings, a direct reference to the specific statutory exemption supporting each withholding asserted, and if technically possible, also require that this information shall "be indicated at the place in the record where such deletion is made." See 5 U.S.C. § 552(b). Therefore, I would appreciate your assistance in expressly identifying any exempt responsive records (or portions thereof) and the applicable FOIA exemptions for any responsive materials withheld for this FOIA request.

Please inform my office in writing if there are any "unusual circumstances" that will cause delay in responding to this FOIA request, or providing the records which are requested, and in addition, please provide the approximate date that you anticipate a final response will be provided.

VII. Contact

Please provide a receipt for this letter and provide a tracking number so that we may inquire about the status of this request.

My client requests an estimated date of completion of this request.

If you have any questions regarding this FOIA request or need help locating documents, or if I can be of any other assistance, please feel free to contact me at (541) 606-9173, or via email to petesorenson@gmail.com.

My client reserves his right, upon the expiration of 20 business days from your receipt of this request, to commence a judicial review of this matter in the United States District Court for the District of Columbia.

Thank you in advance for your assistance.

3

Very truly yours,

C. Peter Sorenson
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440

Attachment(s): Declaration of John Anthony Castro

4

Exhibit B



April 25, 2020

Freedom of Information Act Officer
Internal Revenue Service
Central Processing Unit
Stop 93A
Post Office Box 621506
Atlanta, GA 30362

re: Freedom of Information Act Request of John Anthony Castro

SENT USPS PRIORITY MAIL WITH SIGNATURE CONFIRMATION SERVICE

Dear Internal Revenue Service Freedom of Information Act Officer,

I am writing on behalf of my client, John Anthony Castro. He is Managing Partner of Castro & Co. His
business address is 1701 Pennsylvania Avenue NW, Second Floor; Washington, DC 20006. His business
telephone number is 202-594-4344 and his business email is J.Castro@CastroAndCo.com.

Mr. Castro has signed a Declaration authorizing me to make this request on his behalf. It is attached to
this request. In addition, a copy of his Enrolled Agent certificate, a copy of Mr. Castro's State of Texas
identification, and passport are attached to his Declaration.

I. Request

Mr. Castro requests, pursuant to the Freedom of Information Act (hereafter FOIA), a copy of the
following records:

   a. all records, excluding emails, sent or received by Tony Woods concerning John Anthony
   Castro from January 2019 to February 2020;

   b. all records, excluding emails, including text, fax, notes in the possession of the IRS mentioning
   either John Anthony Castro or Enrolled Agent License #00110411;

c. all records, excluding emails, but consisting of a log or electronic records of incoming and outgoing phone calls for the office telephone number of Tony Woods, IRS employee;

d. all records, excluding emails, but including all other forms of records including text messages or internal messaging specifically mentioning the names John Anthony Castro and Tony Woods; and

e. all records, excluding emails, but including all other forms of records including memoranda, text messages or internal messaging specifically mentioning the name Tony Woods and EA License #0110411.

II. Information Helpful to the IRS in fulfilling this Request

Mr. John Anthony Castro is an enrolled agent, license number #00110411. His license as an enrolled agent was impermissibly cancelled and later reinstated by the IRS and he is filing this FOIA request to learn more about the email that the IRS has on the activities of the IRS in connection with this matter.

III. Time Frame of this Request

The time frame for records sought by this FOIA request is for all records responsive to this request created or received between January 1, 2019 and February 28, 2020.

IV. How Responsive Records Should Be Provided

My client requests copies of the responsive records for this FOIA request be provided in a digital format, either via email, or stored on a thumb drive, CD, or other electronic data storage device. See 5 U.S.C. §552 (a)(3)B). Providing these records in an electronic format will save agency staff processing time, as well as reducing the cost of making paper copies of all responsive records.

V. Costs

This is a request for business records. My client is prepared to pay for the cost of processing this request. If the records are provided within 20 days of this request, my client agrees to pay costs of up to $25.00. If there are any fees, please contact me in advance so that I can confer with my client prior to agreeing to pay for costs. Client reserves the right to narrow its request to lower the costs of the fees.

VI. Policy and Legal Direction for Open Government

Disclosure of the above referenced agency records are also sought in order to promote government transparency, and to reflect the Administration's policy to support our nation's fundamental commitment to open government.

As the Supreme Court has observed, "virtually every document generated by an agency is available in one form or another, unless it falls within one of the Act's nine exemptions." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). FOIA was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," see, e.g., Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976), and in order "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978); see also Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).

The above described agency records are subject to disclosure under FOIA, and are not otherwise exempt from disclosure pursuant to FOIA's nine statutory exemptions. See 5 U.S.C. § 552(b)(1) - (9). To the extent that a determination is made by your FOIA office staff that any limited portions of the records listed above will be withheld from disclosure for this request, FOIA expressly requires all agencies to disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b). See, e.g., Oglesby v. U.S. Dept. of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); see also Abdelfattah v. U.S. Dept. Of Homeland Security, 488 F.3d 178, 186-187 (3rd Cir).

The 2007 Openness Promotes Effectiveness in our National Government Act amendments to FOIA (the "OPEN Government Act") requires identification of the amount of any material withheld, the location of any withholdings, a direct reference to the specific statutory exemption supporting each withholding asserted, and if technically possible, also require that this information shall "be indicated at the place in the record where such deletion is made." See 5 U.S.C. § 552(b). Therefore, I would appreciate your assistance in expressly identifying any exempt responsive records (or portions thereof) and the applicable FOIA exemptions for any responsive materials withheld for this FOIA request.

Please inform my office in writing if there are any "unusual circumstances" that will cause delay in responding to this FOIA request, or providing the records which are requested, and in addition, please provide the approximate date that you anticipate a final response will be provided.

VII. Contact

Please provide a receipt for this letter and provide a tracking number so that we may inquire about the status of this request.

My client requests an estimated date of completion of this request.

If you have any questions regarding this FOIA request or need help locating documents, or if I can be of any other assistance, please feel free to contact me at (541) 606-9173, or via email to petesorenson@gmail.com.

3

My client reserves his right, upon the expiration of 20 business days from your receipt of this request, to commence a judicial review of this matter in the United States District Court for the District of Columbia.

Thank you in advance for your assistance.

Very truly yours,

C. Peter Sorenson
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440

Attachment(s): Declaration of John Anthony Castro

4

Exhibit C



PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

May 6, 2020

C. Peter Sorenson
PO Box 10836
Eugene, OR 97440

RE. John Anthony Castro

Dear C. Peter Sorenson:

This is our final response to your Freedom of Information Act (FOIA) request dated May 5, 2020 that we received on May 6, 2020.

We need the items checked below before we can process your FOIA request.

- x   Describe the records in enough detail to help us locate them. This may include Title of employee, identifier of employee, specific times and dates.

- ⊓   Sign your request.

- ⊓   State your agreement to pay for search and copying fees, or request they be reduced or waived. Fees will be reduced or waived only if you can show disclosure of the requested information is in the public interest rather than the commercial interest of the requester. No fees apply if total charges are $25 or less.

- ⊓   Provide, under penalty of perjury, a statement of your category as a requester commercial, news media, educational, non-commercial scientific, or other, e.g., individual. Include how you'll use the records, unless you're in the other category.

**If your request for documents also includes tax returns or return information**, you must establish your right to receive tax returns and return information in accordance with Title 26 Code of Federal Regulations Section 601.702(c)(5)(iii). If you don't **include the items checked below when you re-submit your request**, we'll deny all or some portions of your request for tax returns or return information.

- ⊓   Establish your identity by submitting:

a. An identifier such as a photocopy of a valid driver's license bearing your signature and address: or

b. A notarized statement with language that swears to or affirms your identity and has the notary seal on the same page as your signature and statement; or

c. A statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming your identity. If the declaration is sworn within the United States, its territories, possessions or commonwealths, the sworn statement must include the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

☐ Provide proof of your right to access [the requested records

Send us your updated request, and a copy of your original request and a copy of this letter, within 35 days or we'll close your request with no further action. The 20 business-day statutory response time does not begin until we receive the requested information per Title 5 USC Section 552 (a)(6)(A)(i)). Fax your response to 877-891-6035 or mail to:

Centralized Processing Unit – Stop 93A
Internal Revenue Service
PO Box 621506
Atlanta, GA 30362

If you would like to discuss our response, you have the right to contact our FOIA public liaison, Summer Sutherland at 801-620-2149

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues. If you need assistance with tax related issues, you may call the IRS toll free number at 1-800-829-1040.

If you have any questions please call Disclosure Specialist Mrs. Pettis ID # 571573 , at 843-619-4112 or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362. Please refer to case number F20127-0001.

Sincerely,

Phillip H. Hatcher

Phillip H Hatcher
Disclosure Manager
Disclosure Office 07

**Internal Revenue Service**
Suite A
111 Troy Street
Tupelo, MS 38804-4767

Official Business
Penalty for Private Use, $300

C. Peter Sorensen
PO Box 10836
Eugene, OR 97440

97440-283636

**Exhibit D**



Sorenson Law Office
FOIA LAW

May 22, 2020

Mrs. Pettis, ID #571573
Disclosure Specialist
Internal Revenue Service
Disclosure Scanning Operation - Stop 93A
PO Box 621506
Atlanta, GA 30362

843-619-4112

re: Case Number F20127-001

VIA FIRST CLASS MAIL - PROOF OF DELIVERY REQUESTED

Dear Mrs. Pettis,

I am writing to ask questions regarding the requests that my client, John Anthony Castro, has made to the Internal Revenue Service (IRS).

I enclose the following documents for your information:

1. John Anthony Castro Request, dated March 27, 2020 (this includes the request letter and declaration showing the identity of Mr. Castro and his authorization of me to make the request)

2. John Anthony Castro Request, dated April 25, 2020 (this includes the request letter and declaration showing the identity of Mr. Castro and his authorization of me to make the request)

3. The fax records showing that both requests were faxed to the IRS on May 5, 2020

4. IRS Response, dated May 6, 2020

In the IRS response, the letter stated, "if you have any questions" please call or write to you. I have called you and left messages for you at least six times. You have not returned my phone calls.

Here are my questions:

a) What is your email address? I ask because you are difficult to reach on the telephone.

b) What additional information do you need to process my client's request?

c) What are the IRS identification numbers for the IRS employees identified in Mr. Castro's two requests?

Very truly yours,

C. Peter Sorenson
Sorenson Law Office

c: client

enclosures: (as noted)

2

**Exhibit E**



Sorenson Law Office
FOIA LAW

June 1, 2020

Mr. Phillip H. Hatcher
Centralize Processing Unit - Stop 93A
Internal Revenue Service
PO Box 621506
Atlanta, GA 30362

SENT VIA POSTAL SERVICE PRIORITY MAIL

RE: Case Number 20127-0001

Dear Mr. Hatcher,

Thank you for your letter of dated May 6, 2020.

You requested that I provide the case number in my correspondence to you. The Case Number is
20127-0001.

You requested that I provide a copy of the letter that you sent me, dated May 6, 2020. It is
enclosed.

You requested that I provide you with my client's request. It is enclosed. On May 5, 2020 it was
faxed to the Atlanta IRS office and is included. The IRS received this request on May 6, 2020. It
consists of two letters, dated March 27, 2020 and April 25, 2020. They were faxed because I
called the IRS many times and learned that the IRS had apparently not considered mailed FOIA
requests valid. Additionally, the IRS staff I talked with suggested that these requests had
apparently not been processed, even though the current IRS website instructs requesters to mail
their requests.

In your letter of May 6, 2020, you stated, "our final response to your Freedom of Information
Act (FOIA) request dated May 5, 2020 that we received on May 6, 2020."

Your May 6, 2020 letter suggested that we call Mrs. Pettis. I have called her more than six times and she's returned one of my calls. I have also written her and had no response. I've also asked her for her email address and I've had no response to this request.

Your letter requests information regarding the names of persons involved in the request. This has been provided in the request. Your letter requests that we provide you with dates. That has been provided in the request. The name of IRS employee Tony Woods was specifically provided in paragraph I of my client's request letter to the IRS dated March 27, 2020. The date range of January 1, 2019 to February 28, 2020 was provided in the request. I respectfully suggest that the IRS has, either, not read the request, or is willfully failing to undertake an adequate search for the records requested.

What is the estimated completion date on this request? The IRS has failed on three prior occasions to provide the estimated completion date.

My client reserves his right to commence a judicial review in the United States District Court for the District of Columbia as a result of the failure of the IRS to respond to his narrowly crafted request.

To facilitate communication, please email me at petesorenson@gmail.com and call me on my cell phone, 541-606-2020.

Very truly yours,


C. Peter Sorenson
Sorenson Law Office

Enclosures:

1) Hatcher letter to Sorenson, May 6, 2020

2) Request faxed to the IRS on May 5, 2020 consisting of two letters, dated March 27, 2020 and April 25, 2020 (with Declaration and attachments)

**Exhibit F**

Castro-
IRS -
Next
Steps
Mailin

## Instructions

1. Each Click-N-Ship® label is unique. Labels are to be used as printed and used only once. DO NOT PHOTO COPY OR ALTER LABEL.

2. Place your label so it does not wrap around the edge of the package.

3. Adhere your label to the package. A self-adhesive label is recommended. If tape or glue is used, DO NOT TAPE OVER BARCODE. Be sure all edges are secure.

4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.

5. Mail your package on the "Ship Date" you selected when creating this label.

## Click-N-Ship® Label Record

**USPS TRACKING #:**

**9405 5036 9930 0400 9661 89**

| | | |
|---|---|---|
| Trans. #: | 495484110 | Priority Mail® Postage: $7.75 |
| Print Date: | 06/01/2020 | Total: $7.75 |
| Ship Date: | 06/02/2020 | |
| Expected Delivery Date: | 06/05/2020 | |

From:   KIM LEVAL
        SORENSON LAW OFFICE
        2848 FRIENDLY ST
        EUGENE OR 97405-2337                    Ref#: CASTRO/IRS

To:     PHILLIP H HATCHER
        INTERNAL REVENUE SERVICE - CENTRAL. PROCESS.
        UNIT
        PO BOX 621506
        STOP 93 A
        ATLANTA GA 30362-3006

* Retail Pricing Priority Mail rates apply. There is no fee for USPS Tracking® service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

$7.75

to Credit
card
acct
\$ 1.25 ??

---

**UNITED STATES POSTAL SERVICE®**   *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

Exhibit G

# USPS Tracking®

FAQs >

## Track Another Package +

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref :homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/in

**Tracking Number:** 9405503699300400966189

Remove X

Your item was picked up at a postal facility at 11:23 am on June 5, 2020 in ATLANTA, GA 30362.

**USPS Premium Tracking™ Available** ∨

## ⊘ Delivered

June 5, 2020 at 11:23 am
Delivered, Individual Picked Up at Postal Facility
ATLANTA, GA 30362

**Get Updates** ∨

---

**Text & Email Updates**                                                        ∨

---

**Tracking History**                                                            ∧

**June 5, 2020, 11:23 am**
Delivered, Individual Picked Up at Postal Facility
ATLANTA, GA 30362
Your item was picked up at a postal facility at 11:23 am on June 5, 2020 in ATLANTA, GA 30362.

**June 5, 2020, 8:47 am**
Arrived at Post Office
ATLANTA, GA 30340

**June 5, 2020, 5:29 am**
Departed USPS Regional Facility

ATLANTA GA DISTRIBUTION CENTER

**June 4, 2020, 10:24 pm**
Arrived at USPS Regional Facility
ATLANTA GA DISTRIBUTION CENTER

**June 4, 2020, 1:41 pm**
Departed USPS Regional Facility
ATLANTA GA NETWORK DISTRIBUTION CENTER

**June 4, 2020, 1:47 am**
Arrived at USPS Regional Destination Facility
ATLANTA GA NETWORK DISTRIBUTION CENTER

**June 3, 2020**
In Transit to Next Facility

**June 2, 2020, 8:10 pm**
Arrived at USPS Regional Origin Facility
EUGENE OR DISTRIBUTION CENTER

**June 2, 2020, 4:47 pm**
USPS picked up item
EUGENE, OR 97405

**June 1, 2020**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

**Premium Tracking**                                                        ∨

---

**Product Information**                                                      ∨

---

See Less ∧

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**